

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Rahul Agarwal and Robert L. Frazer*
*Assistant United States Attorneys*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973)297-4395*
*Facsimile: (973) 297-2006*

RA/RLF/PL AGR
2013R01003

June 26, 2014

Lorraine Gauli-Rufo, Esq.
LGR Law, LLC
130 Pompton Avenue
Verona, New Jersey 07044

CR14-485(MLC)

Re: Plea Agreement with Vladimir Sauzereseteo

Dear Ms. Gauli-Rufo:

    This letter sets forth the plea agreement between your client, Vladimir Sauzereseteo ("Vladimir Sauzereseteo"), and the United States Attorney for the District of New Jersey ("this Office"). Should your client wish to accept this agreement, the executed original must be received by this Office no later than close of business on July 10, 2014. If an executed agreement is not returned to this Office by that date, this offer will expire.

Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Vladimir Sauzereseteo to an information, which charges him with conspiracy to provide, obtain, and possess contraband in a correctional facility, in violation of 18 U.S.C. § 371, contrary to 18 U.S.C. §§ 1791(a) and (d)(1)(B). If Vladimir Sauzereseteo enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Vladimir Sauzereseteo for conspiring with others to smuggle marijuana and tobacco to inmates of the Essex County Correctional Facility from in or about September 2013 to in or about February 2014. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Vladimir Sauzereseteo agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Vladimir Sauzereseteo may be commenced against him, notwithstanding the expiration of the limitations period after Vladimir Sauzereseteo signs the agreement.

RECEIVED

AUG 2 5 2014

AT 8:30_____M
WILLIAM T. WALSH CLERK

## Sentencing

The violation of 18 U.S.C. § 371 to which Vladimir Sauzereseteo agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Vladimir Sauzereseteo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Vladimir Sauzereseteo ultimately will receive.

Further, in addition to imposing any other penalty on Vladimir Sauzereseteo, the sentencing judge: (1) will order Vladimir Sauzereseteo to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Vladimir Sauzereseteo to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583, may require Vladimir Sauzereseteo to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Vladimir Sauzereseteo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Vladimir Sauzereseteo may be sentenced to not more than 2 year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Vladimir Sauzereseteo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Vladimir Sauzereseteo's activities and relevant conduct with respect to this case.

2

### Plea Agreement With Vladimir Sauzereseteo

### Schedule A

1. This Office and Vladimir Sauzereseteo recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Vladimir Sauzereseteo nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Vladimir Sauzereseteo within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Vladimir Sauzereseteo further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

3. The applicable guidelines are U.S.S.G. §§ 2X1.1 (Attempt, Solicitation, or Conspiracy) and 2P1.2 (Providing or Possessing Contraband in Prison). Under U.S.S.G. § 2X1.1, the applicable base offense level is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. The applicable guideline for the substantive offense is U.S.S.G. § 2P1.2.

4. Because the object of the offense was the distribution of marijuana, and because Vladimir Sauzereseteo distributed at least 250 grams, but less than 1 kilogram, of marijuana, the base offense level is 8. U.S.S.G. §§ 2P1.2(c)(1); 2D1.1(c)(17).

5. Specific Offense Characteristic 2D1.1(b)(4) applies because the object of the offense was the distribution of a controlled substance in a correctional facility. This results in an increase of 2 levels. U.S.S.G. § 2D1.1(b)(4).

6. As of the date of this letter, Vladimir Sauzereseteo has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Vladimir Sauzereseteo's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Vladimir Sauzereseteo is 8 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 8 is reasonable.

6

9. Vladimir Sauzereseteo knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 8. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 8. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

Stipulations

This Office and Vladimir Sauzereseteo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Vladimir Sauzereseteo from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Vladimir Sauzereseteo waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Vladimir Sauzereseteo understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Vladimir Sauzereseteo understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Vladimir Sauzereseteo wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Vladimir Sauzereseteo understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Vladimir Sauzereseteo waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

3

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Vladimir Sauzereseteo. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Vladimir Sauzereseteo.

No Other Promises

This agreement constitutes the plea agreement between Vladimir Sauzereseteo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Rahul Agarwal
Robert L. Frazer
Assistant U.S. Attorneys

APPROVED:

James B. Nobile
Chief, Special Prosecutions Division

4

       I have received this letter from my attorney, Lorraine Gauli-Rufo, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Vladimir Sauzereseteo_     Date: 7/2/14
Vladimir Sauzereseteo

       I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_[signature]_     Date: 7/2/14
Lorraine Gauli-Rufo, Esq.
Counsel for Vladimir Sauzereseteo

5